GRIFFIN S. ACKLEY and HELEN T. ACKLEY, Respondents, *v.*
FREDERICK W. PARSONS and CRESTWOOD LAND COMPANY,
Appellants.

Third Department, March 3, 1920.

Vendor and purchaser — action against purchaser for failure to
complete contract — tender of performance — waiver of tender —
measure of damages.

In an action to recover damages for the failure of the defendants to complete
a contract to purchase real property, evidence *held* insufficient to show that
the plaintiffs had made a tender of performance in compliance with the
terms of the contract so as to put the defendants in default or that the
conduct of the defendants amounted to an absolute refusal to perform
the contract which would waive a tender of performance.

*Held,* further, that an improper measure of damages was adopted.

APPEAL by the defendants, Frederick W. Parsons and another,
from a judgment of the Supreme Court in favor of the plain-
tiffs, entered in the office of the clerk of the county of Broome
on the 27th day of June, 1918, upon the verdict of a jury, and
also from an order entered in said clerk's office on the 25th day
of June, 1918, denying defendants' motion for a new trial made
upon the minutes.

*H. J. Hennessey,* for the appellants.

*Jenkins, Deyo & Hitchcock* [*C. H. Hitchcock* of counsel], for
the respondents.

JOHN M. KELLOGG, P. J.:

By the contract of July 11, 1917, sued upon, the defendants
were to purchase certain real estate upon the terms stated
therein, the contract to be fulfilled at the convenience of the
parties, but within ten days from that date. This contract,
by its terms, superseded a prior agreement between the
parties of July 3, 1917. The plaintiffs, in order to show the
defendants' breach of the contract, showed that they were
ready, at the office of Jenkins, Deyo & Hitchcock, on the 10th
day of July, 1917, to perform said contract, and had left the
necessary money and papers at said office with said attorneys

to carry out said agreement. The original contract of July third had in it a provision that the contract was to be performed at that time and place. No such provision was in the present contract and the plaintiffs did not, therefore, put the defendants in default, not having tendered performance and the conduct of the defendants not amounting to an absolute refusal to perform the contract which would waive a tender of performance.

Ordinarily the measure of damages for a failure to convey real estate is the difference between the contract price and the value of the property. Here the premises were vacant and the purchaser was to give a mortgage of $13,000, with interest, as a part of the purchase price. The plaintiffs were allowed to prove as damages the interest on the mortgage, taxes paid and sums paid attorneys for abstracts and services and plaintiffs' traveling expenses. The verdict was for $828.50; by deducting therefrom $237.50 on account of interest and the $30 expenses paid, by order of the court it was reduced to $561. An improper measure of damages was adopted, upon which the verdict as it now stands is based. The error in that respect also calls for a reversal.

These errors require a reversal of the judgment, and it is unnecessary to consider the remarks made in court and by the court with reference to the alleged forged letter.

The judgment and order should be reversed and a new trial granted, with costs to the appellants to abide the event.

All concur.

Judgment and order reversed on the law and facts and new trial granted, with costs to the appellants to abide the event. The court disapproves of the finding that the plaintiffs were ready, willing and offered to perform the contract and that the defendants refused performance on their part.