In the Matter of ADOLPH M. SCHWARZ, an Attorney,
Respondent.

First Department, February 11, 1921.

**Attorney at law disbarred — professional misconduct — soliciting
business by circular letters containing false statements — disregard
of censure and warning by court.**

Attorney at law disbarred for violation of professional ethics, in that he
continued falsely to advertise himself as an attorney admitted to practice
law in other States, and to solicit business by sending broadcast circular
letters, after being censured and warned by the court on a former com-
plaint and permitted to continue the practice of law on promise to refrain
from using unprofessional methods.

DISCIPLINARY PROCEEDINGS instituted by the Association of
the Bar of the City of New York.

· *Einar Chrystie,* for the petitioner.

*Francis L. Wellman* of counsel [*Herbert C. Smyth* with him on
the brief; *Wellman, Smyth & Scofield,* attorneys], for the
respondent.

CLARKE, P. J.:

The respondent was admitted to the bar in October, 1905, at
a term of the Appellate Division, Second Department, and was
practicing in the First Judicial District at the time he com-
mitted the acts complained of.

The petition alleges that the respondent heretofore in 1916
was proceeded against in a proceeding in the Appellate Division
in the First Department in which he was charged with mis-
conduct by reason of the methods employed by him in soliciting
business and sending out letters, circulars and advertisements
claimed to be improper; that the court in its decision expressed
its emphatic disapproval of the respondent's methods and
censured him severely therefor. The court also stated that
upon respondent's refraining from further use of such methods
no further action would be taken against him and warned
the bar that such conduct would not be tolerated and a repeti-
tion thereof would lead to disbarment; that the respondent
has failed to obey the directions of the court and has continued

to solicit business by means of circular letters sent out in large quantities. The following is a copy of one of these circular letters:

"ADOLPH M. SCHWARZ,
"ATTORNEY AND COUNSELOR AT LAW.
"299 Broadway, New York.

| " Boston | Chicago |
| " Kimball Building | First Nat'l Bank Bldg. |
| " Philadelphia | Cleveland |
| " Land Title Building | Leader Building |
| " Pittsburg | Detroit |
| " Frick Building | Dime Bank Building |
| " Private Office | December Twenty-Second |
| " New York City. | Nineteen Nineteen |

" GENTLEMEN.— My records disclose that I have not received any items of business from you for some time. I want to ask you — why? Is there a reason? Please be *frank with me* and tell me. I want to correct any misunderstanding that may have arisen between your good office and mine.

" The Collection Department, City and Out-of-town, is now in charge of one of the *best collection men* in the country, an attorney and former credit-man, thorough and painstaking in the minutest detail, with ability to get results, no matter how small or large the account or where the debtor may be located.

" In all offices I maintain a staff of experienced and able attorneys. In my New York office alone I have my own permanent corps of lawyers, able practitioners, members of the New York, New Jersey, Massachusetts, Ohio and Illinois Bars, whose knowledge and experience in the Laws and Practice of these States should be of material benefit to you. Their professional services are always available.

" In this period of readjustment coupled with its abnormal conditions eating into the vitals of our energies and profits, now is the most propitious time to clean up your books. If you have any bad or doubtful accounts, you should know it before your Income Tax return is due, so as to avoid paying taxes on merely book profits which in reality may prove only losses. Go over your books; get up a list of delinquent accounts; send them in; or if you prefer, telephone 3466

Worth and ask for extension 2, *Mr. Pugh;* or for extension 4, *Mr. Thomas,* and either will call on you in connection with them.

" Owing to our heretofore existing mutually profitable and what I always considered pleasant relations, it is no presumption for me to expect to receive from you the courtesy *of an early, specific and favorable reply* with some items enclosed or advices when I may expect to receive them, and with *best wishes* for Nineteen Twenty, I remain

" Sincerely yours,

"AMS–2                  (signed)      A. M. SCHWARZ."

Charge 2. The respondent during the past two or three years has used and is now using printed or engraved letterheads, cards and other stationery of which the following is a copy:

"ADOLPH M. SCHWARZ,

"ATTORNEY AND COUNSELOR AT LAW.

" 299 Broadway, New York.

" Boston                          Chicago
  " Kimball Building                First Nat'l Bank Bldg.
" Philadelphia                     Cleveland
  " Land Title Building               Leader Building
" Pittsburg                        Detroit
  " Frick Building                    Dime Bank Building
    " Private Office."

That the respondent, some time prior to July, 1917, applied for admission to the bar of the State of Michigan and the State Board of Law Examiners of that State refused to recommend him to the Supreme Court for admission and he has never been admitted and is not now admitted to the bar or entitled to practice as an attorney and counselor at law in that State; that the respondent has never been admitted to the Bar of the State of Pennsylvania and is not now and never was admitted to practice as an attorney and counselor at law in that State; that the respondent by the use of these letterheads, cards and stationery has falsely represented to numerous persons and corporations that he is an attorney and counselor at law, entitled to practice as such in the States of Michigan

and Pennsylvania and has law offices in the cities of Detroit, Philadelphia and Pittsburg in said states.

It appears from the record before us, and the respondent admits, that he sent out some 4,500 copies of the letter set forth in the petition. He claims that said letters were sent only to former clients of his and that he is in no way censurable for so doing. In the first place the letter plainly in its heading holds out to its recipients that the respondent is an attorney and counselor at law and practicing as such in the State of Pennsylvania, where he has offices in Philadelphia and Pittsburg, and in the State of Michigan, where he has an office in Detroit. He is not a member of the bar of either of those States and the heading contains a palpable *suggestio falsi*. It should be noted further that there is nothing in the heading that suggests a business occupation or a collection agency, but it plainly sets forth that it is issued from the private office of an attorney and counselor at law. The letter speaks for itself. It is obviously a self-laudatory solicitation for employment for professional services. It can only be properly characterized as a wholesale circularization for the purpose of obtaining business. When this respondent and his self-advertising methods were before this court before, we said (in 175 App. Div. 335) of the letters, circulars and advertisements then submitted for our inspection: " They are typical of modern advertising business methods and would be appropriate to the exploitation of patent medicines or other proprietary articles, but are utterly abhorrent to professional notions or standards. Unless the ancient and honorable profession of the law, whose practitioners are officers of the court of the highest fiduciary character, under obligations of service to the State, to the community and to the court, is to be degraded to the rank of a quack medicine business enterprise, the advertising and business solicitation methods here under review must be emphatically and absolutely condemned."

We said again: " The court has no disciplinary supervision of business enterprises. It has jurisdiction over its own officers and is authorized to discipline any attorney who is guilty of professional misconduct. We are of the opinion that by using the methods, letters, circulars and advertisements here under consideration the respondent is guilty of professional

misconduct. If respondent wishes to retain and carry on the business which he claims is so valuable to him, he may do so outside of the profession whose standards and rules of conduct he has violated; he cannot remain a member of the Bar of this State and, while such member, indulge in such practices."

One member of the court voted at that time for the respondent's disbarment, but the majority of the court, in view of representations made by the respondent that he would cheerfully accept and abide by the rule of guidance laid down by the court, contented themselves with administering a severe censure with a statement that upon his refraining from further use of such methods no further action would be taken, but added, " Respondent and the bar generally are warned that such conduct is not to be tolerated, and repetition thereof will lead to disbarment."

The respondent was again before this court in a summary proceeding. In *Matter of Rowe Co., Inc.* (191 App. Div. 179) we affirmed an order denying a motion to compel him as an attorney to pay over certain moneys which had been collected by him as a collection agent in Pittsburg, Penn., upon the ground that as the acts complained of had not been committed in this State or as an attorney the court was without jurisdiction to proceed summarily, but we said: " We think this record discloses matters, however, which should be the subject of investigation. Respondent is an attorney in this State. He uses a letterhead, quoted above, which is calculated to create the impression that he maintains other offices as an attorney in the cities therein enumerated at the places designated. He has no office as an attorney at the Frick Building in Pittsburg, Penn., and he is not authorized to practice law in that State. What he maintains there is only a collection agency. An attorney has no right to use a deceptive and misleading caption on his office stationery, intended to obtain business upon the faith of his professional character, when in fact he cannot act in such a capacity in at least one of the localities listed. It would be a fraud upon the public to allow an attorney to induce the placing of matters in his hands by a representation that he was an attorney practicing in various States and then have him resist the enforcement of the usual remedies applicable to the protection of a client's rights, upon

the ground that he was not qualified as an attorney in the State where a collection was to be made and, therefore, could not be held to the strict accountability incident to the professional relationship."

In the matter at bar we agree with the learned official referee who said that after due consideration he could not " avoid the conclusion that the respondent's conduct did constitute such professional misconduct, * * * I cannot believe that by the adoption of Canon 27 of the Canons of Ethics it was intended to permit such energetic and persistent appeals accompanied by self laudatory statements as the circulars disclose. The circular, Exhibit 3, is to my mind as typical of modern advertising business methods and as abhorrent to professional notions or standards as were the advertisements considered by this court in its opinion in 175 App. Div. 335, particularly when we consider that respondent thereby circularized about 4,500 persons."

The respondent again expresses his desire to abide by any direction the court may see fit to make herein. The warning heretofore administered, however, was too emphatic to admit of misinterpretation. It is evident that the respondent has no conception of the ethics of the profession and is obsessed by the notion that self-advertisement is a proper means of obtaining professional employment and that his efforts are directed to so shaping his letters and circulars as to obtain the results of such advertisement and at the same time escape judicial condemnation. He had fair warning but has deliberately violated the spirit of our former decision while asserting that he has observed its letter. The court told him plainly that if he wished to continue his business, for that is what he then claimed it was, in the manner and by the methods employed, he must do it as a business man and not masquerade as a professional man while violating the fundamental ideals and principles of the profession.

As he has not heeded the sharp warning there given, he is disbarred.

LAUGHLIN, DOWLING, MERRELL and GREENBAUM, JJ., concur.

Respondent disbarred. Settle order on notice.