In the Matter of ADOLPH M. SCHWARZ, an Attorney,
Appellant.

ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK,
Respondent.

*Attorneys — improper · solicitation of business — disbarment affirmed.*

*Matter of Schwarz*, 195 App. Div. 194, affirmed.

(Argued June 2, 1921; decided October 4, 1921.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered March 15, 1921, which unanimously dis-
barred the appellant herein from practice as an attorney
and counselor at law. The charges were as follows:
That the appellant, contrary to the Appellate Division's
admonition in a former proceeding against him (175
App. Div. 335) has continued to solicit business by the
use of improper letters and circulars, and that the appel-
lant has solicited business by holding himself out as a
member of the bar of the states of Pennsylvania and

Michigan with offices for the practice of his profession in both of said states, when in fact he is not and never has been a member of the bar of either of said states, and after his application for admission to the bar of the state of Michigan was denied.

*Charles S. Whitman* and *I. Maurice Wormser* for appellant.

' *James Byrne* and *Einar Chrystie* for respondent.

Order affirmed on opinion of CLARKE, P. J., below.

Concur: HOGAN, McLAUGHLIN, CRANE and ANDREWS, JJ.

POUND, J. (dissenting). The appellant has been disbarred on two charges: *First*, that contrary to the court's admonition in a former proceeding against him (*Matter of Schwarz*, 175 App. Div. 335) he has continued to solicit business by the use of improper letters and circulars; *second*, that he has in so soliciting business held himself out as a member of the bar of the states of Pennsylvania and Michigan, having offices for the practice of his profession in both of said states, when in fact he was not and never had been a member of the bar of either of said states and after his application for admission to the bar of the state of Michigan had been denied. The holding out thus condemned consisted in printing as a part of his letterhead on either side of the words "Adolph M. Schwarz, Attorney and Counselor at Law, 299 Broadway, New York," a list of six other cities in which he maintains offices, with the office address, including Philadelphia, Pittsburgh and Detroit.

We have great difficulty in reading into the letterhead words indicative of an intention on the part of Schwarz to hold forth that he is personally engaged as a licensed attorney in the practice of law in all the states in which he maintains offices. Were it not for his other advertising methods we doubt that this circumstance would have been raised to the level of the notice of the court. We will, therefore, proceed to the consideration of the first question. No dispute arises on the facts. The

appellant sent out 4,500 circular letters addressed to former clients soliciting a renewal or continuance of their patronage of his collection agency. The letter is set forth in full in the opinion of the court below. (195 App. Div. 194; 186 N. Y. Supp. 535.) This conduct on his part is said to have been in disregard of the reproof of the court in the former proceeding and of the provisions of the 27th canon of the Code of Ethics adopted by the American Bar Association, the New York State Bar Association and other bar associations. The material part of the canon reads as follows: " Solicitation of business by circulars or advertisements, or by personal communications or interviews, not warranted by personal relations, is unprofessional."

The Code of Ethics is recognized by this court as setting up a wholesome standard of professional conduct. By the provisions of the rules for the admission of attorneys and counselors at law: " Every applicant shall be given and required to pass a satisfactory examination in the canons of ethics adopted by the American Bar Association and by the New York State Bar Association." (Rule VIII.)

The profession has ever discountenanced as undignified and indecorous the conduct of the lawyer who blatantly advertises for business as those engaged in trade may do without exciting unfavorable criticism. Attorneys are officers belonging to the courts and subject to their control and discipline. (*Matter of Cooper*, 22 N. Y. 67.) Advertising or soliciting business is censurable as a form of self-laudation unbecoming the traditions of a high calling. The canon thus incorporates in the Code of Ethics an ideal standard of conduct which has been long and well recognized and upheld in theory both by bench and bar. The attorney who disregards the rule is properly subject to rebuke if not to disbarment. But the right to practice law is a substantial right not to be taken away except for substantial reasons. Disbarment not only deprives the attorney of his livelihood, but casts him out a pariah in the community. That each deviation from the canons calls for the exclusion of the

offender from the select fellowship of the bar is probably not seriously contended by any one. Professional ethics as a code of moral or legal right to be enforced by the courts by the harsh penalty of disbarment can be nothing more than a system of principles of upright conduct and good character. Rules included therein which do not involve the distinction between natural right and wrong should not be too strictly applied against one whose sin has been against good taste rather than good morals.

The question now before this court is whether the finding against appellant by the court below of professional misconduct amounting to a cause for disbarment has any evidence to sustain it. (*Matter of Flannery*, 212 N. Y. 610.)

The Judiciary Law [Cons. Laws, ch. 30] (§ 88) suggests malpractice, fraud, deceit, crime, misdemeanor or conduct prejudicial to the administration of justice as the kind or degree of improper behavior which amounts to professional misconduct for which an attorney may be disciplined; the Penal Law [Consol. Laws, ch. 40] (§ 120) prohibits advertising only in relation to procuring divorces or dissolutions of marriage and permits by implication any inducement for placing in the attorney's hands a claim for the purpose of bringing an action thereon except the paying of a valuable consideration. (Penal Law, § 274.) The decisions of the courts of this state and other jurisdictions have disclosed no precedent for disbarment for conduct that does not indicate some lack of respect for truth and honor or some interference with or contempt for the administration of justice or some violation of law on the part of the attorney. Judged by such reasonable tests as are thus indicated, we are unable to detect in the letters herein complained of, the gist of professional misconduct as a ground for disbarment even to the extent of disregard of the order of the court on the former proceeding.

The appellant's general good character is unquestioned. He had done nothing worse than to write letters to former clients asking why no items of business, *i. e.*, accounts

for collection, had been received for some time and soliciting a continuance of former patronage. An attorney may write such a letter to one former client without violating the canon. If he so writes to all his former clients in decent and moderate terms, he does no evil thing. Appellant has regarded the former admonition of the court to refrain from the extravagant, crude and flashy advertising addressed to the public at large, which was compared by CLARKE, P. J., in the opinion of the court, to "the advance bills of the late P. T. Barnum in heralding the approach of the greatest show on earth."

This court interferes with extreme reluctance with the disciplinary powers of the Appellate Division which are properly exercised to uphold high and worthy standards of professional conduct, but such powers do not include the power to disbar an attorney for asking his former clients to continue or to renew their patronage.

The order appealed from should be reversed.

HISCOCK, Ch. J., and CARDOZO, J., concur.

Order affirmed.