HANNAH K. LEVY, Appellant, *v.* 315 WEST 79TH STREET COR-PORATION, Respondent.

First Department, December 2, 1927.

Vendor and purchaser — down payment — action by purchaser to recover down payment and expense of searching title — contract stated existence of second mortgage of $167,500, payable $2,500 quarterly — second mortgage by its terms was due April 1, 1934 — defendant counterclaimed for loss of profits on sale and amount due to brokers — answer was amended on trial by alleging demand for reformation of contract so as to state due date of second mortgage — measure of damages set forth by defendant was erroneous — proper measure is difference between contract price and market price — conversation between court and counsel does not constitute proof — contract reformed.

This is an action by a purchaser of real property to recover the down payment and the expense of searching the title and is based on an allegation that the contract stated that a second mortgage of $167,500 was payable in installments of $2,500 quarterly, whereas in fact the second mortgage was fully due and payable on April 1, 1934, at which time a principal payment of $80,000 would be due. The defendant interposed a denial of failure of performance and a counterclaim of $35,800, based on loss of profits and the amount due to brokers. On the trial the defendant was permitted to amend the answer so as to allege a demand for reformation of the contract by inserting the due date of the second mortgage. It was error for the court to render judgment on defendant's counterclaim for the damage alleged, since loss of profits on a sale does not constitute a proper measure of damage, and, furthermore, any amount due brokers by the defendant cannot be recovered as a part of the damages.

The proper measure of damage is the difference between the contract price and the market price.

Furthermore, a colloquy between the court and the counsel for the defendant, in which the defendant's counsel asserted that $5,800 was due by the defendant to its broker, did not constitute proof of damage, even though proof of such damage was admissible.

The defendant, however, is entitled to have the contract reformed so as to state the due date of the second mortgage, and the fact that on that date the balance of the principal then unpaid would become due and payable, for the evidence clearly established that at the time of the signing of the contract the plaintiff knew the due date of the second mortgage and also that the plaintiff's attorney knew when the mortgage was due.

Appeal by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 30th day of April, 1926.

*Max Levy* of counsel, for the appellant.

*Hyman J. Reit* of counsel [*Seth V. Elting* with him on the brief; *Reit & Kaminsky*, attorneys], for the respondent.

McAvoy, J. The complaint in this action was dismissed and defendant was awarded judgment against the plaintiff for over $30,000 on its counterclaim.

The action was brought to recover $5,000 by the purchaser of real property which he had deposited with the seller on the signing of the contract of purchase and $750 as attorney's fees expended in searching title to the premises. The complaint also asked the foreclosure of a vendee's lien for said $5,000 against the property.

The contract, by its terms, made the deposit and expense of title searching liens on the property if the seller failed to tender a good title. The contract sets out that the transfer of the land was to be subject to a second mortgage of $167,500, payable in installments of $2,500 quarterly, with interest at six per cent. At the time of closing, it was disclosed that the property was incumbered by a second mortgage for $167,500 payable in $2,500 quarterly installments with interest at the per centum stated, but the mortgage ran only until April, 1934, when a principal payment of $80,000 would be due.

There was a denial in the answer of failure of performance and a counterclaim was added in which it was pleaded that defendant offered to complete the contract and tender a deed of the property in accordance with the terms of the contract, but because of plaintiff's failure to take same defendant lost the profits of the sale in the sum of $30,000 and was also damaged in the sum of $5,800 for brokerage fees to be paid.

On the trial defendant asked to amend its answer by alleging a demand for reformation of the contract so as to add a provision that the second mortgage became due in 1934, under a claim that this provision had been omitted by a mere clerical mistake and there was also a counterclaim again alleged for similar damages for plaintiff's default under the reformed contract.

The learned court at trial dismissed the complaint, directed the reformation sought by the answer and gave judgment against plaintiff for $30,800, which sum was arrived at by deducting the $5,000 earnest money held by defendant.

This judgment is erroneous in sc far as it awards damages for the above amount. The apparent theory on which such judgment was founded was that the vendor was entitled to recover a sale profit based on his purchase price of the premises and that the loss of such profit was the measure of damages. He testified that when he bought the property it was worth $440,000 and that the contract price was $470,000. The damages also included $5,800 for which defendant was sued for brokerage commissions which are not recoverable even if proven in a counterclaim of this character and in any event there was no testimony as to their payment or value. The measure of damages upon a written contract to purchase land is the difference between the contract price and the market price. The commissions paid for procuring the contract are not losses in performance.

The following was the testimony with respect to the value of the property sold: " Q. Are you familiar with what the reasonable and market value of the property 315 to 321 West 79th Street was on or about the 23rd of April, 1925 [the date the contract of sale was made]? A. Yes, sir. Q. What was that? A. $470,000. Q. This property was bought by you when? A. In 1924, I think it was April or May, 1924. Q. April 1, 1924? A. I think that is right. Q. And do you know what you paid for this property? A. Yes, $440,000. Q. And was that the reasonable market value of that property about the month of April, 1924? A. Yes, sir. By the Court: Q. What is the difference then? A. $30,000." This shows no difference in market and contract price at the date of this sale, so no loss of profit is demonstrated. The only reference to the loss through liability for brokerage commissions was: " The Court: What is the other $5,800? Defendant's counsel: That is the commission we are being sued for by the brokers. The Court: You have $5,000 already? Defendant's counsel: Yes, but they are suing us for $5,800 commission." This colloquy was not proof of damage even if such loss was an element to be recovered. Obviously no findings of damage could be made on this record

and the judgment, therefore, must be modified by striking out the award for damages on the counterclaim of $30,800.

As to the reformation issue, we think that defendant established that the failure of the contract to properly set out the due date of the mortgage was a stenographic error and a mistake of omission. It was well proven that at the time of the signing of the contract the plaintiff knew the proper due date of the mortgage and that in May, 1925, plaintiff's attorney knew the due date. On September first of that year he requested an adjournment so as to complete the closing without mentioning any claim that he was deceived as to the terms of the. mortgage, and the proof shows that at the time of the making of the contract the title policy containing the date of the maturity of the mortgage was present, and that the plaintiff's husband, who is an attorney, examined it. We do not deem it likely that a lawyer would believe that a mortgage for $180,000 ran until it was paid off at the rate of $2,500 every quarter which would be eighteen years, a most unusual term of payment for a mortgage of real property and one requiring some inquiry as to such term. Our view is that a reformation was properly granted and that being found plaintiff had no right to reject the title and cannot recover the deposit.

The judgment should be modified by striking out the judgment on the counterclaim for damages, and as thus modified affirmed.

DOWLING, P. J., FINCH, MARTIN and PROSKAUER, JJ., concur.

Judgment modified by striking out the judgment on the counter-claim for damages, and as so modified affirmed, without costs of this appeal. Settle order on notice.