LOUIS BONHARD, RESPONDENT, v. SAMUEL GINDIN, APPELLANT.

Submitted February 17, 1928—Decided May 14, 1928.

600

For the appellant, *Warren R. Schenck.*

For the respondent, *Hart & Vanderwart.*

The opinion of the court was delivered by

KATZENBACH, J. This is an appeal from a judgment of the Supreme Court entered on the verdict of a jury rendered at a trial held at the Bergen Circuit. The defendant below is the appellant. The action arose out of an agreement for

the sale of lands, dated May 21st, 1918, made between Samuel Gindin (the appellant) and Louis Bonhard (the respondent). Gindin agreed to convey free from encumbrances to Bonhard eight lots at North Brunswick, in the county of Middlesex, for the sum of $2,000. $500 was to be paid on the execution of the agreement. The agreement provided for the payment of the balance of the purchase price by the execution by Bonhard of two promissory notes, one for $200, to mature July 17th, 1918, and the other for $1,300, to mature May 20th, 1919. The last mentioned note was to bear interest from date at six per cent., payable semi-annually. The deed was to be delivered on May 20th, 1919. Gindin did not convey the premises at the appointed time. He did not have title thereto. He later procured title but the property was subject to a mortgage which was not cleared. In the meantime Bonhard had paid the notes which he had given in the transaction. He also paid the taxes on the property for the years 1918 to 1922 (both inclusive) and a paving assessment against the property of $305.82. He had also loaned $200 to Gindin. Bonhard also claimed that, relying upon his agreement with Gindin, he had entered into an agreement to sell the property for $4,000 and by reason of the failure of Gindin to convey he lost the profits of this sale and was obliged to return to the purchaser the deposit which the purchaser had made.

In January, 1923, Bonhard instituted the present suit. The complaint contains three counts. The first is for the recovery of the amount paid in connection with the purchase of the property. The second is for the recovery of damages for the loss of the bargain based on the theory of fraud and deceit and willfully refusing to convey. The third count was for the $200 loaned to Gindin. The defendant answered and filed a counter-claim in which he claimed that by reason of becoming a surety on a replevin bond at the request of Bonhard he had been obliged to pay $1,568, which sum, with interest was owing him by Bonhard. This counter-claim the jury apparently disregarded. It is eliminated from the present appeal.

The grounds of appeal are twenty-three in number. They are argued in the appellant's brief under ten points. These

points will be taken up for consideration in the order presented in the brief.

The first point is that the trial judge permitted the plaintiff (Bonhard) to introduce evidence in proof of an alleged first payment under the contract of $700 at variance with the terms of the written agreement by which $500 was to be paid. The appellant's argument appears to be that as the agreement called for a payment of $500 by Bonhard the court erred in permitting him to prove that he paid $700 instead of $500. This, the appellant claims, is in violation of the rule laid down in the case of *Naumberg* v. *Young,* 44 *N. J. L.* 331, which is to the effect that where parties have put their contract in writing oral testimony of what was said or done will not be admitted to contradict the written contract. This case does not support the appellant's contention. To admit evidence to show that the consideration of the contract was paid in different amounts than expressed in the contract is not a contradiction of the essential terms of the contract. The consideration was entire. That there was paid as an initial payment a larger part of the consideration than required by the terms of the contract is immaterial. To allow proof of this payment was not erroneous.

The second point argued by the appellant is that the trial court erred in permitting the plaintiff to submit proof of payment by him of taxes and search fees as elements of damage. The appellant assigns as his grounds for this contention (1) that the agreement contained a covenant for liquidated damages which the plaintiff declared on in his complaint and was therefore limited in his recovery to the amount mentioned in the contract as liquidated damages, and (2) that when the plaintiff based his action on the breach of the contract and charged the defendant with being unable to give him a title the rule of damages laid down in the case of *Gerbert* v. *Trustees,* 59 *N. J. L.* 160, was applicable. We consider both of these grounds untenable. The agreement did contain the following provision:

"And for the performance of all and singular the covenants and agreements aforesaid, the said parties do bind themselves and their respective heirs, executors and administrators;

and they hereby agree to pay, upon failure to perform the same, the sum of seven hundred dollars [$700] which they hereby fix and settle as liquidated damages therefor."

The plaintiff did not, however, in his complaint declare on this covenant. The mention of the covenant in the complaint is in these words:

"7. In and by said agreement, it was provided that either party defaulting should pay to the other as liquidated damages the sum of $700."

There is nothing in the complaint which shows that the plaintiff's action was instituted solely to recover the $700 mentioned as liquidated damages. Neither is the plaintiff limited to this amount. When damages are to be sustained by the breach of a single stipulation, and they are uncertain in amount and not readily susceptible of proof under the rules of evidence, then, if the parties have agreed upon a sum as the measure of compensation for the breach, and that sum is not disproportionate to the presumable loss, it may be recovered as liquidated damages. What the agreement, however, is between the parties will be ascertained by considering not only the particular words in the contract, but the whole scope of the bargain. If, on such consideration, it appears that they have provided for larger damages than the law permits, *e. g.*, more than the legal rate for the non-payment of money, or that they have provided for the same damages on the breach of any one of several stipulations, when the loss resulting from such breaches clearly must differ in amount, or that they have named an excessive sum in a case where the real damages are certain or readily reducible to certainty by proof before a jury, or a sum which it would be unconscionable to award, under any of these conditions, the sum recoverable will not be limited to the amount mentioned as liquidated damages as the law favors mere indemnity. *Monmouth Park Association* v. *Wallis Iron Works*, 55 *N. J. L.* 132.

In the present action to limit the damages to the amount expressed in the agreement as liquidated damages would be unconscionable. The plaintiff not only paid the full consideration of $2,000 for the conveyance but also search fees, taxes

and assessments upon the property. He also lost the profits of the sale of the property. Seven hundred dollars for these damages would be inadequate and inequitable. The real damages were readily ascertainable. With the law favoring indemnity we feel that the trial court ruled properly in not excluding proof of the damages suffered by the plaintiff and holding that the amount expressed as liquidated damages was the measure of the plaintiff's damages. Upon the second ground urged under this point it is only necessary to say that the facts in the case of *Gerbert* v. *Trustees, supra,* showed that the consideration money had not been paid by the vendee so the law respecting the recovery of nominal damages where title is defective as laid down in said case is not applicable to the present case.

The appellant's third contention is that the trial court permitted the plaintiff to testify in proof of, and admitted in evidence, tax bills and other documents, in proof of the payment by him of taxes as constituting damages, and that the record fails to disclose that the taxes paid were upon the lands described in the agreement of sale. We have discussed the question of damages under the appellant's last preceding point. The payment of the taxes was an element in ascertaining the plaintiff's damages. An examination of the testimony shows that the taxes paid were upon the property mentioned in the agreement of sale. Hence, the appellant's contention in this regard is unfounded in fact.

The fourth point urged by the appellant for a reversal of the judgment is that the trial court permitted the plaintiff to prove by a witness named Vitorre Ghidella, as a part of his (plaintiff's) damages, loss of profits which the plaintiff suffered by reason of his inability to convey the property purchased of Gindin to Ghidella at an advanced price. There is no adequate exception taken to this ruling as the witness was asked concerning the price he agreed to pay Bonhard for the property and answered the questions before objection was made. There was no motion made by the defendant to strike out the testimony which was given. But aside from this, the testimony was proper. In the leading English case of *Hadley* v. *Baxendale,* 9 *Exch.* 341, it was said:

"Where two parties have made a contract, which one of them has broken, the damages which the other party ought to receive, in respect of such breach, should be such as may fairly be considered either arising naturally, *i. e.*, according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach of it."

This case has been followed in this State in *Crater* v. *Binninger*, 33 *N. J. L.* 513. This rule of damages has been sanctioned in this state in actions of deceit. *Bingham* v. *Fish*, 89 *N. J. L.* 688.

The fifth point raises the same question as we have just considered.

The appellant for his sixth point claims that the trial court erred when it refused to permit the plaintiff to testify that he was willing to take a deed to the property in August, 1922. The court based its refusal to allow this question upon the ground that it was not proper cross-examination. We think the trial court's decision in this respect is sustained by the record. The plaintiff was recalled and his testimony was confined solely to his efforts to sell the lots to Ghidella. Then upon cross-examination the question was asked: "And up to that time [meaning August, 1922] you were willing to take a deed to the property, were you not?" This question had nothing to do with the sale of the lots by the plaintiff to Ghidella. In his direct examination the plaintiff had not been asked as to his willingness to accept a deed from Gindin. It was therefore not proper cross-examination to put this question to the witness. Moreover, the question was immaterial. It was of no consequence whether in August, 1922, the plaintiff would have been willing to take a deed to the property. No deed had been tendered. The defendant had at this time no title to the property. The contract called for the delivery of a deed on May 20th, 1919, over three years prior to the time mentioned in the question. The question had no application to any phase of the present action as we view it.

Under point seven the appellant discusses the eighth, twelfth and thirteenth grounds of appeal which are to the effect that the trial court erred in not requiring the plaintiff to elect his remedy. It is insisted that the plaintiff based his action upon two theories—(1) a breach of contract, and (2) deceit; that this is inconsistent pleading; that an action on contract and in tort cannot be joined; and that the plaintiff should have been required to make an election of remedies. We deem these objections to be fully answered by the Practice act and rules of the Supreme Court. Section 11 of the 1912 supplement to the Practice act provides that subject to rules the plaintiff may join any causes of action. There is, therefore, nothing improper in joining in one suit an action for deceit and an action for the recovery of money loaned as was done in the present action. There is now but one form of court action, known as an "action at law." Section 3 of chapter 231 of the laws of 1912. *Pamph. L.* 1912, *p.* 377. The appellant cites in support of his theory of election the cases of *Byard* v. *Holmes,* 33 *N. J. L.* 119; *Kvedar* v. *Shapiro,* 98 *Id.* 225, and *Maioran* v. *Calabrese,* 100 *N. J. Eq.* 315, which are to the effect that one injured by a fraud may elect to accept the situation and recover his damages, or he may rescind the transaction, restore the *status quo* by tendering what he has received, and recover back what he has paid upon the contract. These cases are inapplicable to the facts in the instant case as the plaintiff had received nothing which he could tender to the defendant. It was open to the plaintiff to institute his action for deceit. There is in the appellant's discussion of this point reference to the question raised as to whether the plaintiff was required to elect between the recovery of the amount mentioned in the contract as liquidated damages and the recovery of damages for the loss of his bargain. This point has heretofore been considered.

Point eight deals with the fifteenth, seventeenth and eighteenth grounds of appeal. The appellant contends that there was no evidence of fraud proven and the plaintiff should have been nonsuited. The plaintiff proved that he

paid the defendant $2,000 for a tract of land to which the defendant had no title and knew it. This was sufficient evidence of fraud in our opinion to warrant the submission of the case to the jury and to support the plaintiff's claim for damages.

Appellant's point nine deals with the alleged refusal of the trial court to admit in evidence a receipt given to the defendant by the attorney of Mary Curtill, who had obtained a judgment upon a bond against the defendant and the plaintiff growing out of a replevin suit. The receipt was apparently admitted as it is printed in the record as *Exhibit D-3*. There is no exception in the record taken to the court's refusal to admit it so the question sought to be raised cannot for lack of a proper exception be considered. The receipt contains much which has no bearing upon the instant case. It was incompetent. The court admitted evidence of the payment by Gindin of the judgment. It related to the counter-claim of Gindin which apparently was rejected by the jury. The action taken below with respect to the counter-claim is not made a ground of appeal. We therefore fail to see how the appellant was in any way harmed by what occurred in this regard.

The appellant next insists that the court should have charged the following request to charge: "The fact that Gindin paid $1,568 to Streitwolf, Mary Curtill's attorney, is uncontradicted." This request contains no proposition of law. It was a mere comment upon the evidence which it was not obligatory upon the court to charge.

The last point advanced by the defendant for the reversal of the judgment is based upon four grounds of appeal, the twentieth, twenty-first, twenty-second and twenty-third. These are as follows:

"20. That the verdict of the jury was at variance with, and was for an amount in excess of, the amount claimed by plaintiff-respondent to be due him in and by his complaint, and that the court below did not therefore set the verdict aside.

"21. That the verdict of the jury was at variance with, and was for an amount in excess of, the amount claimed by plaintiff-respondent by his evidence and proofs to be due to him by defendant-appellant.

"That the court below did not set the verdict aside.

"22. That the verdict of the jury was at variance with, and was for an amount in excess of, the amount which the court charged the jury it might find for the plaintiff-respondent.

"That the court below did not set the verdict aside.

"23. There was no evidence or proofs on which the jury could legally award the plaintiff-respondent the damages which it awarded to him."

These grounds of appeal all relate to the verdict. They bring up no ruling of the court to which an exception was duly taken. They will not, therefore, be considered.

The judgment below is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 16.

*For reversal*—None.