Stephenson et ux., Appellants, *v.* Butts et al., Appellants.

Argued March 25, 1958. Before RHODES, P. J., GUN-
THER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.
(HIRT, J., absent).

*J. William Ditter, Jr.,* with him *Ditter & Ditter,* for
plaintiffs.

*J. Webster Jones,* with him *Richard S. Clover,* for
defendants.

OPINION BY GUNTHER, J., June 11, 1958:

These appeals are from the judgment and order of
the Court of Common Pleas of Montgomery County,

arising from the sale of real estate. The case was begun by a suit in assumpsit by George N. Stephenson and Arlene V. Stephenson, his wife, against Joan Butts and Ralph C. Wagner to recover the balance due on an agreement of sale which the latter failed to perform.

Plaintiffs entered into an agreement to sell certain real estate to the defendants for $18,000 upon which they received $500 hand money. Upon the date set for closing, the purchasers failed to make settlement and thereafter the action was commenced. A judgment on the pleadings was entered against defendants and in favor of the plaintiffs in the amount of $17,500 conditioned upon plaintiffs depositing a deed with the Prothonotary to be delivered to the defendants upon the payment of the judgment. Two and one-half months after the judgment was entered, the vendors petitioned the court below for a modification of the judgment, alleging that the purchasers had done nothing to comply with the judgment as entered and that an offer of $15,500 was received for the sale of the property. The court was requested to direct the return of the deed deposited with the Prothonotary and asked that defendant purchasers be given a credit of $14,600 toward the judgment ($15,500 less $900 brokers commission incurred on the first sale to defendants).

In answer to this petition, defendants did not deny that plaintiffs had incurred the liability for a $900 commission nor did they dispute that the offer of $15,500 represented the fair market value of the property. Rather, they insisted that the original judgment remain but that such judgment be declared as satisfied by treating the $500 hand money as liquidated damages. The court below opened up the judgment and directed that depositions be taken to determine the value of the property. However, since defendants elected to do nothing, on July 12, 1957, the court be-

low granted the prayer of plaintiffs' petition in that it ordered the return of the deed but gave credit to defendants for the full amount of the resale offer of $15,500 rather than $14,600. The final order directed that a judgment be reentered against defendants in the sum of $2000.

From this order defendants appealed in its entirety and the plaintiffs appealed from the refusal of the court below to allow the deduction of $900 from the offer of $15,500 as the broker's commission incurred by plaintiffs.

Defendants contend that the judgment of $2000 should be set aside because the plaintiffs are bound by their original election whereby they affirmed the contract and cannot now have a second remedy. Defendants also argue that once plaintiffs parted with the title to the property that they are in no position to sell to a new purchaser. We cannot agree with defendants' contention. The order of court of March 6, 1957 granted judgment for $17,500 subject to the condition that a deed be deposited with the Prothonotary. The lower court rightfully reasoned that it would be unjust to permit plaintiffs to have both the purchase price and the property.

The mere depositing of the deed did not in itself convey any right or title to the property. A conditional delivery or a delivery in escrow, as in this case, is not a delivery to grantee. See *Hoch v. Hill*, 117 Pa. Superior Ct. 74, 177 A. 206. The deposit of the deed with the Prothonotary was not a delivery to the defendants. Two and one-half months went by yet defendants made no effort during that time to pay the judgment. Had plaintiffs refused to comply with the order to deposit the deed, defendants could have some basis for their argument. On the other hand to expect plaintiffs to leave the deed with the Prothonotary in-

definitely without satisfaction of the judgment would place plaintiffs in a most inequitable position. We agree with the court below that this case does not involve a choice of remedies.

Plaintiffs entered suit for the balance of the purchase price and the court entered judgment stipulating the above stated condition. Defendants did not pay the judgment. Plaintiffs' petition to return the deed and permit the sale of the property at a fair market value was the only equitable procedure to obtain relief. The court exercised its power to control the enforcement of the judgment, and to grant relief until the judgment was discharged or satisfied. It was held in *Sinking Fund Commissioners of Philadelphia v. Philadelphia et al.*, 324 Pa. 129, 188 A. 314, that the courts have the right to control the enforcement of a judgment, and the manner of this control is within the discretion of the Judges of the Courts of Common Pleas.

Since plaintiffs did not divest themselves of any property rights and the defendants acquired none, the court under its powers could order the return of the deed and to permit the resale. A petition to modify may be regarded as an equitable application for relief where the judgment is unpaid. *Lance v. Mann*, 360 Pa. 26, 60 A. 2d 35.

The judgment was subject to the control of the court so long as no substantive right of defendant was violated by the decree. The defendants could have paid the original judgment and obtained title to the property or could have shown that the $15,500 was not a fair market value for the property and that plaintiffs were not damaged in any way.

In their appeal plaintiffs contend that their damages should include the $900 broker's commission which they had paid on the $18,000 sale to defendants. The court gave credit to defendants for the full amount

of the price upon the resale, that is, $15,500 rather than $14,600.

The question is, therefore, whether the vendee, under these peculiar circumstances should be liable for the broker's commission. Generally, the measure of damages in the case of breach of contract is to place the injured party in as nearly the same position he would have been had there been no breach. *Harman et ux. v. Chambers,* 358 Pa. 516, 57 A. 2d 842. The amount of plaintiffs' expenditure made in performance of the contract or, in necessary preparation therefor, is included in compensatory damages. Restatement, Contracts, section 333. However, the payment of a commission on the first sale cannot be considered as damages simply because the vendor normally would be liable therefor had the agreement been complied with by defendants. Under the facts of this case, plaintiff would have netted $17,100 from such sale to defendants. Conversely, the defendants should not profit from their breach and, if plaintiffs are obligated to pay an additional commission on the resale of this property at $15,500, such commission should be borne by defendants. Since the record is silent as to this latter obligation, we shall remand the record for the determination of this fact with instructions that if plaintiffs are required to pay an additional commission, the amount of such commission be added to the judgment against defendants.

As modified, the judgment is affirmed, and the record is remanded for proceeding not inconsistent with this opinion.