Joseph A. Suozzi, J.
This action was submitted to the court on an agreed statement of facts, and testimony was heard only *857 with respect to the plaintiff’s damages. The action is brought to recover damages for breach of contract and fraud against the defendants Morton Albert and his wife, Dorothy Albert. The action against the defendant Joseph Borzell was discontinued by the plaintiff by stipulation prior to submission of the case in court.
In October of 1959, the plaintiff was informed by Joseph Borzell, a real estate broker, that he had a purchaser for her property for use as an apartment house site. The plaintiff protested that her parcel alone was too small for the contemplated use, and stated she would not sell unless the adjoining owner’s property was also purchased, since the premises were more valuable if sold for apartment house purposes. The broker represented that the Miller property adjoining her premises was already under contract to the proposed purchaser, and requested that she have a contract of sale drawn with the name Sadie Albert inserted as the purchaser. The price was fixed at $24,000 cash, and August 1, 1960 was agreed upon as the closing date.
A contract was so drawn by the plaintiff’s attorney and returned to him signed by Sadie Albert, together with her check in the sum of $1,500 representing the contract payment. The proceeds of this check were collected by the plaintiff. The purchaser failed to appear on the closing date, and was declared in default by the seller, who subsequently sold the property for $17,000.
An action for breach of contract was then instituted against Sadie Albert in the Nassau County District Court. On the trial of that case, Sadie Albert testified and established that she never signed the contract in question, and had no knowledge of its existence. The action against her was thereupon dismissed, and this action was commenced.
The admitted facts in this case disclose that the defendant Morton Albert had requested the broker, Joseph Borzell, to approach the plaintiff concerning the purchase of her property, and instructed him to have his mother, Sadie Albert, designated as the purchaser. He then procured a $1,500 check from his mother for the contract payment, and presumably inserted the plaintiff’s name as the payee thereof, and prevailed upon his wife to sign his mother’s name to the contract of sale. The parties agree that the wife knew nothing about the contents of the papers she so signed or the purpose for which they were intended. The agreed statement of facts also reveals that the plaintiff was not acquainted with either Sadie or Morton Albert; that she never personally met them; and that it was immaterial to her to whom she sold her property. It is also conceded that *858 Sadie Albert, the named purchaser, had never authorized or consented to the use of her name on the contract.
In the absence of any statutory restriction or fraud, a party may contract or sue in a fictitious name (Sheppard v. Ridgewood Grove, 126 N. Y. S. 2d 761), since the name of a person like the name of a thing simply serves as a means of identification (Matter of Zanger, 266 N. Y. 165, 172). The use of an assumed name, if not employed for deceitful or dishonest purposes, is legal (cf. Matter of Zanger, supra, p. 172). The name of a principal to a contract need not ordinarily be disclosed. (But cf. Merry Realty Co. v. Shamokin & Hollis Real Estate Co., 186 App. Div. 538, revd. on other grounds 230 N. Y. 316 [conflicting interest and misrepresentation of value].)
In this case, the mere fact that the defendant Morton Albert caused his mother’s name to be inserted as the purchaser does not render him liable for fraud. There is no evidence that the name was employed with intent to defraud the plaintiff or that the plaintiff placed any reliance on the purchaser’s name or reputation, or that she would have refused to sell to the defendant Morton Albert had she known his true identity. The agreed statement of facts affirmatively shows that the plaintiff would have entered into the contract regardless of the name of the purchaser, provided the same terms and conditions were obtained.
The damage to the plaintiff here resulted not from the defendant’s adoption of his mother’s name, but rather from his breach of contract. A cause of action for fraud cannot be predicated on the fact that a party to a contract defaulted thereon. Since there is no proof that the misrepresentation of the identity of the purchaser was material or made with intent to deceive the plaintiff, and that she in turn relied thereon, the cause of action for fraud cannot be maintained. (Cf. Turchin Sheffield Plate & Sterling S. Co. v. Baugh, 117 N. Y. S. 137.) The essential elements of actionable fraud are lacking in this case, and the first cause of action is dismissed.
When the defendant Morton Albert entered into the agreement of sale with the plaintiff in the name of his mother without her knowledge, authorization or consent, he became individually obligated on the contract. The rule is that a person who enters into a contract in the name of a fictitious or nonexistent principal renders himself individually liable on the presumption that the parties intended to create an enforcible obligation (Puro Filter Corp. v. Trembley, 266 App. Div. 750; 2 N. Y. Jurisprudence, § 281, pp. 408-409). This defendant having concededly defaulted on the contract, must be cast in damages which *859 the plaintiff suffered thereby. But no proof has been presented to the court on the facts submitted which warrants a finding that the defendant’s wife, Dorothy Albert, was a party to the contract, and the action is dismissed as to her.
The measure of damages for breach of contract for the sale of real property is the difference between the contract price and the market value of the property at the time of the breach, less any portion of the purchase price that was paid (Hayden v. Pinchot, 172 App. Div. 102; see, also, Levy v. 315 West 79th St. Corp., 222 App. Div. 9). The vendor’s right to maintain an action for breach of contract is not affected by the fact that he resells the property after refusal of the vendee to perform (Carlton Props, v. Bloom, 14 Misc 2d 666, 670). However, where the vendor resells the land after refusal of the purchaser to complete his contract, the commissions paid to a broker for making the sale are not recoverable as an item of damage in addition to the difference between the agreed price and the value of the property (Empire Realty Corp. v. Sayre, 107 App. Div. 415; Steers v. Laird, 3 Misc. 408). Taxes accruing between the time for completion of the contract and the time of resale, and interest on the balance of the purchase price are likewise not recoverable (Hayden v. Pinchot, supra; see, also, Ackley v. Parsons, 190 App. Div. 762).
In this case, the court finds that the market value of the property at the time of the defendant’s breach was $17,000, the price for which it was subsequently resold for residential purposes. The defendant has no cause to complain because he was willing to pay more to acquire the premises for an apartment house site. The testimony offered by the plaintiff clearly demonstrates that her property alone could not be sold at a greater price than $17,000, or for a use other than a residence. The court, however, does not agree that the plaintiff is entitled to be reimbursed for the $750 which she advanced her purchasers in order to obtain a mortgage. The market price or the price that a buyer is willing to pay establishes value and is controlling rather than an appraisal made by a lending institution for mortgage financing purposes. But the court does agree that the plaintiff is entitled to recover the costs and expenses, including attorney’s fees, which she incurred in bringing the District Court action against Sadie Albert, the fictitious purchaser designated by the defendant. This expense, which the parties agree equals $500, is a natural and probable consequence of the defendant’s wrongful assumption of authority to act for Sadie Albert, and the direct injury resulting from such assumed authority is a loss which is compensable (cf. White v. Madison, 26 N. Y. 117, *860 129). The court accordingly computes the plaintiff’s damages as follows:
Contract price......................... $24,000
Market value.......................... 17,000
Difference between contract price and
market value ........................ 7,000
Expenses of District Court action........ 500
Total ............................. 7,500
Less amount paid on contract........ 1,500
Balance due plaintiff................ 6,000
Judgment is awarded the plaintiff against the defendant Morton Albert in the said sum of $6,000, with interest from August 1, 1960.