[No. 513-2.   Division Two.   June 7, 1972.]

CENTRAL CREDIT COLLECTION CONTROL CORPORATION, *Respondent*, v. ROY A. GRAYSON *et al., Appellants.*

Robert L. Rovai (of Burkey, Marsico, Rovai & McGoffin), for appellants.

Joe Gordon, Jr. and Albert R. Malanca (of Gordon, Thomas, Honeywell, Malanca, Peterson, O'Hern & Johnson), for respondent.

PEARSON, J.—Plaintiff, Central Credit Collection Control Corporation, brought this action against a former employee, Roy A. Grayson, to enforce a restrictive covenant contained in an employment contract.

After an application for a temporary injunction was denied, plaintiff moved for summary judgment. The motion was based upon affidavits as well as oral testimony, which had been taken in connection with the temporary injunction hearing. Defendant filed counter affidavits, seeking to establish that there were issues of material fact to be tried.

The trial court granted plaintiff's motion, and allowed judgment for $5,000 in accordance with a "liquidated damage" provision of the employment contract. Attorney's fees of $500 were also allowed, in accordance with another contract provision. Plaintiff's application for an injunction was denied.

Defendant's appeal asserts that it was improper to grant summary judgment because of the presence of disputed material issues of fact. This becomes the sole question on appeal.

The undisputed or stipulated facts established the following. Plaintiff is and has been engaged in the debt collection business in Pierce County and its surrounding counties. In May, 1964, plaintiff entered into a 6-year employment contract with defendant, which contained this restrictive covenant:

The employee will not, in Pierce County, Washington, or in any county bordering on Pierce County within the State of Washington, directly or indirectly engage in the same or similar line of business as that now carried on by the employer or in which the employer becomes engaged during the term of this contract for a period of two years from and after termination of employment under this contract. [Section 6.]

Another clause of the contract stated the reason that a restrictive covenant was incorporated into the agreement:

The employee agrees that it would be impossible, after having received training afforded by the employer to work for any other collection agency or credit company without using some or all of the trade secrets and information imparted to the employee by the employer or without disclosing some of the employer's trade practices, secrets, methods of operation and information. It is for this reason that the employee has agreed to not become directly or indirectly engaged in such business for a period of two years after the termination of his employment with the employer named in this contract. [Section 10.]

Employment under the contract terminated in May, 1970, but defendant continued in plaintiff's employment until October 30, 1970. In July or August of that year, defendant commenced discussions with others concerning the opening of a competing collection business in Pierce County.

In November, 1970, defendant organized a collection agency corporation[1] and located its principal office some 73 yards from plaintiff's business location. Subsequently, he commenced handling a number of accounts formerly serviced by plaintiff. In December the total accounts of Professional Collection Corporation amounted to $26,000, and by February, 1971 had risen to approximately $44,000. Collections on accounts were averaging $5,000 to $7,000 per month.

---

[1]The name given the corporation was Professional Collection Corporation, Inc. Defendant was the majority shareholder and managing officer.

■ Summary judgments shall be granted only if the pleadings, affidavits, depositions or admissions on file show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Diel v. Beekman*, 1 Wn. App. 874, 465 P.2d 212 (1970); *Capitol Hill Methodist Church v. Seattle*, 52 Wn.2d 359, 324 P.2d 1113 (1958).

Defendant contends that a material issue of fact existed (1) to resolve an ambiguity in the contract, (2) to determine whether or not the covenant not to compete was reasonable, and (3) to determine whether or not the liquidated damage provision was, in fact, a penalty and consequently void.

It is our opinion that under the circumstances of this case, the questions raised by defendant were questions of law for the court, rather than issues of fact, and that the summary judgment should be affirmed.

With reference to the contract ambiguity, defendant urges that one possible interpretation is that the covenant not to compete was only applicable if defendant severed his employment during the 6-year contract term.

■ We agree with the trial court that read as a whole, the contract is clear and unambiguous. The two provisions set forth above clearly state that the covenant not to compete is effective for 2 years after defendant's employment was terminated, whether that termination occurred during the contract term or at the expiration of the term or later. While section 6 of the contract might possibly support the interpretation urged by the defendant, section 10, quoted above, resolves any doubts as to when the term of the covenant not to compete would commence.

■ Interpretation of a written contract is usually a question of law for the court. If its terms are clear and unambiguous, summary judgment is proper. Even where some ambiguity exists in the contract, resolution of the ambiguity is still a question of law for the court, unless contradictory evidence is presented to clarify the ambigu-

ity. *Murray v. Western Pac. Ins. Co.,* 2 Wn. App. 985, 472 P.2d 611 (1970); *Nashem v. Jacobson,* 6 Wn. App. 363, 492 P.2d 1043 (1972).

In this case, the court could resolve any doubt in the meaning of section 6 by reading it in connection with section 10 and also by considering the purpose of the covenant as set forth in several other paragraphs. It was not necessary to resort to parol evidence to resolve the claimed ambiguity, even had such evidence been offered.

Defendants contend that the reasonableness of the covenant created an issue of fact. We disagree.

■ It is well settled that covenants not to compete upon termination of employment are valid, but should not be greater than reasonably necessary to protect the business or good will of the employer. *Wood v. May,* 73 Wn.2d 307, 438 P.2d 587 (1968).

■ The contract recited that the employer had expended considerable sums of money in developing business in Pierce, King, Kitsap, Thurston, Mason, Grays Harbor, and Lewis counties. This recitation was not challenged by any testimony to the contrary which might raise a factual issue that the area was broader than necessary to protect plaintiff's business interests. In any event, the trial court declined plaintiff's request for an injunction, so that the effect of the summary judgment was to allow defendant to compete anywhere in the restricted area. Accordingly, the breadth of the covenant is appropriately considered solely with reference to where defendant located his competing business. We think the trial court was warranted in concluding that as a matter of law the act of defendant in locating his competing business within 73 yards of plaintiff's business was violative of a reasonable area restriction. *See Wood v. May, supra,* where it was held that a court of equity may enforce a covenant not to compete to a reasonable area, even though it was factually demonstrated that the area restriction was unreasonable.

The same rationale applies to the time restriction, which becomes crucial only if an injunction is granted for the full

time limit. Where the undisputed evidence presented to the trial court showed that defendant opened the competing business within 1 month of the termination of his employment, the trial court was warranted in determining as a matter of law, that for the purposes of granting damages a reasonable time restriction covenant was breached.

Defendant's final contention, that the $5,000 in liquidated damages presented an issue of material fact as to whether that amount was a penalty, is also without merit. The parties agreed that any damages would be severe and extremely difficult to determine and fix. (Section 12.) The unrefuted evidence showed that the damage amount prescribed was less than the equivalent of the first month of collections from defendant's business. In cases involving a breach of a restrictive covenant between competing businesses, damages are not susceptible of accurate determination and a liquidated damages provision is entirely proper. *Mead v. Anton,* 33 Wn.2d 741, 207 P.2d 227, 10 A.L.R.2d 588 (1949). In fact, the courts have looked with favor upon liquidated damages clauses and have upheld them unless it is demonstrated that the clause is actually a penalty. *Ashley v. Lance,* 80 Wn.2d 274, 493 P.2d 1242 (1972). No such demonstration was made here. The liquidated damages amount in the present case was reasonable and was not a penalty as a matter of law.

Affirmed, with instructions to determine reasonable attorney's fees to be awarded to plaintiff for handling the appeal, pursuant to the contract terms.

PETRIE, C.J., and ARMSTRONG, J., concur.

Petition for rehearing denied July 12, 1972.