[No. 1755-1.    Division One.    April 1, 1974.]

LAURA E. MAHONEY, *Appellant*, v. CLAUDE W. TINGLEY *et al.*, *Respondents*.

*Bonjorni, Burgeson & Fiori* and *Duncan A. Bonjorni*, for appellant.

*Siderius, Lonergan & Crowley* and *David C. Pearson*, for respondents.

Horowitz, J.—Plaintiff Laura E. Mahoney sued to recover damages for breach of an earnest money agreement by defendants Claude W. Tingley and Nancy J. Tingley, his wife. Later the court granted defendants' motion for summary judgment of dismissal. Plaintiff appeals.

The controlling issue is whether, under the facts here, a liquidated damage clause contained in the earnest money agreement raises a genuine issue of material fact concerning the validity of that clause precluding entry of summary judgment in favor of defendants. The facts are these.

On October 23, 1970, the parties entered into a printed form of earnest money agreement whereby plaintiff agreed to sell to defendants certain real property for the sum of $21,500. The price was later reduced to $20,250 to conform with the Veterans Administration appraisal. The earnest money agreement fixed $50 as the earnest money. Defendants paid that sum. Later defendants paid additional sums totaling $150, treated by the trial court and by the parties on appeal as additional earnest money. The agreement provided:

If title is so insurable and purchaser fails or refuses to complete purchase, the earnest money shall be forfeited as liquidated damages unless seller elects to enforce this agreement.

Sometime prior to December 10, 1970, the date for closing, plaintiff moved from the premises upon defendants' request in order to enable defendants to move in. Defendants did not move in. Shortly after plaintiff vacated the premises, defendants repudiated the agreement. Plaintiff immediately listed the property for resale, resold the property for $19,000, which was $1,250 less than the reduced purchase price called for in the earnest money agreement, and then brought the action below to recover general damages of $3,141.44. Defendants sought a summary dismissal of plaintiff's action on the ground her recovery for defendants'

breach was limited to the retention of the $200 in earnest money she received as liquidated damages. The court agreed and entered the summary judgment of dismissal, from which plaintiff appeals.

Of plaintiff's four assignments of error we need consider only the controlling issue dealing with the liquidated damage clause. Plaintiff contends that if the liquidated damage clause is a defense, there is a genuine issue of material fact concerning the validity of that clause precluding entry of summary judgment. We agree and reverse.

■ Before considering the validity of the liquidated damage clause, we must first decide whether the clause, if valid, excepts plaintiff's action from its operation by virtue of the phrase "unless seller elects to enforce this agreement" contained in that clause. Plaintiff contends her action for general damages is permissible, citing *Reiter v. Bailey,* 180 Wash. 230, 39 P.2d 370, 97 A.L.R. 1489 (1934). *Reiter* did not involve the identical phrase used in the earnest money agreement here. In *Underwood v. Sterner,* 63 Wn.2d 360, 365, 387 P.2d 366 (1963), the earnest money agreement provided for forfeiture of the earnest money in language identical to that used in the instant case. In construing that language, the court said:

> [I]f the purchaser refuses to complete the purchase, *i.e.,* she may elect specific performance or liquidated damages. Having sold the property for $225,000 to another purchaser, she waived the remedy of specific performance. She cannot now choose a third remedy of unliquidated damages which is not written into the agreement.

*Underwood v. Sterner, supra* at 367. The liquidated damage clause is applicable if valid.

■■ We now consider the validity of that clause. In the absence of statute providing otherwise, parties to a land purchase contract are entitled to compensatory damages, *i.e.,* just compensation, for breach of that contract. If the parties in advance of breach wish to agree upon the amount to be paid by way of compensatory damages for such breach, they may do so if the agreement complies with certain

conditions. The damages stipulated must be (1) a reasonable forecast of just compensation for the breach that may occur, and (2) the damages caused by the breach must be incapable or very difficult of accurate estimation. These conditions are formulated in *Restatement of Contracts* § 339, at 552 (1932), approved and applied in *Management, Inc., v. Schassberger,* 39 Wn.2d 321, 327-28, 235 P.2d 293 (1951). Accordingly, if the parties stipulate for the recovery of a penalty, as in the case of an amount substantially in excess of just compensation, the stipulation will be void notwithstanding the contract characterizes the stipulation as liquidated damages and the parties intend the stipulation to be enforceable. *Management, Inc. v. Schassberger, supra; Stoner v. Shultz,* 69 Wash. 687, 125 P. 1026 (1912); C. McCormick, *Damages* §§ 149, 150, 152, 153 (1935). As C. McCormick, *Damages* § 149 puts it:

> In the more modern decisions, the quest for intention has dwindled to this: If the parties at the time of the contract intended to make a "genuine pre-estimate" of the probable damages, it will be enforced; otherwise not. However, the use in the contract of the words "liquidated damages" or "penalty" or their respective equivalents will be evidence to be considered by the judge in determining whether such a "genuine pre-estimate" was attempted; yet it is obvious that the actual relation between the amount stipulated and the loss that was to be foreseen will ordinarily be the deciding factor on this question.

*See* 1 T. Sedgwick, *Damages* §§ 405, 406 (9th ed. 1912); 5 S. Williston, *Contracts* § 779 (3d ed. 1961).

If the damages fixed are for vendee's total breach, the clause is for vendor's benefit. He may waive the benefit of the clause and sue for specific performance even though there is no express provision therefor. *Asia Inv. Co. v. Levin,* 118 Wash. 620, 204 P. 808, 32 A.L.R. 578 (1922). If, however, he seeks to recover damages, the vendor is bound by the stipulation if it meets the required criteria. *Jenson v. Richens,* 74 Wn.2d 41, 442 P.2d 636 (1968); *Brower Co. v. Garrison,* 2 Wn. App. 424, 468 P.2d 469 (1970). As *Under-*

*wood v. Sterner, supra,* put the matter in upholding the validity of the liquidated damage clause in the earnest money agreement in that case, the stipulated damage clause was a " 'pre-estimate of damages made in advance of the breach . . .' " and was "fairly and understandingly entered into with a view to just compensation for the anticipated loss . . ." *Underwood v. Sterner, supra* at 365-66.

In determining whether the required criteria of validity have been met, the court looks to the facts and circumstances of the case. If the facts and circumstances are undisputed, the court is able to rule as a matter of law whether the required criteria exist, *e.g., Underwood v. Sterner, supra; Central Credit Collection Control Corp. v. Grayson,* 7 Wn. App. 56, 499 P.2d 57 (1972). No issue of fact remains to prevent entry of summary judgment. *See Broderick Wood Prods. Co. v. United States,* 195 F.2d 433 (10th Cir. 1952). If, however, one or more material facts and circumstances are disputed, then the remedy of summary judgment is not available. *See Decato v. Travelers Ins. Co.,* 379 F.2d 796 (1st Cir. 1967); 6 J. Moore, *Federal Practice* ¶ 56.17[18] (2d ed. 1972).

Reasonable men may differ as to whether a particular stipulation for damages is a reasonable forecast of just compensation caused by a purchaser's total breach of contract. If they may so differ, an issue of fact exists, and the issue must be resolved by evidence. Thus, in negligence cases involving the reasonableness of conduct, summary judgment is ordinarily not available because fact issues are involved. 6 J. Moore, *Federal Practice* ¶ 56.17[42], at 2583 (2d ed. 1972). *E.g., Arney v. United States,* 479 F.2d 653 (9th Cir. 1973); *Roucher v. Traders & Gen. Ins. Co.,* 235 F.2d 423 (5th Cir. 1956). *See Gordon v. Deer Park School Dist. 414,* 71 Wn.2d 119, 426 P.2d 824 (1967). So, in principle, the reasonableness of the forecast of just compensation likewise creates a factual issue to be resolved by evidence. The issue to be determined is whether, at the time the stipulation was entered into, the forecast of damages was unreasonably high or unreasonably low for the breach involved. If the

forecast of damages is unreasonably high, the stipulation calls for a nonenforceable penalty. If the forecast is unreasonably low, a court will not penalize the innocent party by limiting his recovery to the damages stipulated. C. McCormick, *Damages* § 149, at 608 (1935), puts the matter as follows:

> [I]n the rare case where an amount unreasonably small in proportion to the probable loss is stipulated, the courts will on the same principle disregard it and permit the injured party to recover his actual damages.

For support of this principle, McCormick cites *Bonhard v. Gindin,* 104 N.J.L. 599, 142 A. 52 (1928); *McCelvy v. Bell,* 6 S.W.2d 390 (Tex. Civ. App. 1928); and dictum in *Weatherford v. Adams,* 31 Ariz. 187, 197, 251 P. 453 (1926). Other textwriters also recognize the rule McCormick describes. 5 S. Williston, *Contracts* § 779, at 698 n.7 (3d ed. 1961); 1 T. Sedgwick, *Damages* § 412 (9th ed. 1912).

If a fact issue exists on the reasonableness of the forecast, evidence should be admissible to resolve that issue. Such facts and circumstances may appear on the face of the agreement or be shown by evidence outside the agreement. *Cf. Redmond v. Kezner,* 10 Wn. App. 332, 517 P.2d 625 (1973). *See Management, Inc. v. Schassberger, supra; Brower Co. v. Garrison, supra; Bonhard v. Ginden, supra.* When dealing with the question of whether the forecast of damages called for a penalty, the court in *Wright v. Schutt Constr. Co.,* 262 Ore. 619, 625, 500 P.2d 1045 (1972), states:

> [I]t is held in some jurisdictions, including Oregon, that the defendant may offer evidence that plaintiff suffered no actual damages or that the amount of the liquidated damages would be "grossly disproportionate" or without "reasonable relation" to the amount of the actual damages.

*See generally* 22 Am. Jur. 2d *Damages* §§ 219, 220, 221, 222 (1965). The same rationale would permit the receipt of evidence to show the stipulated damages to be unreasonably low to the prejudice of the innocent party.

■ The criteria of validity to be met also includes the

requirement that "the harm that is caused by the breach is one that is incapable or very difficult of accurate estimation." *Restatement of Contracts* § 339 (1) (b) (1932). The inability or great difficulty described may arise because it may be "very difficult" to ascertain or apply the law concerning the applicable measure of damages. However, the rule as to damages recoverable by a vendor against his repudiating vendee is reasonably clear. In Washington and elsewhere the recoverable damages against a repudiating vendee is the difference between the unpaid principal balance of the land contract price and the fair cash market value of the land at the date of breach. *Mathews v. Heiser*, 42 Wn.2d 326, 255 P.2d 366 (1953); *Reiter v. Bailey*, 180 Wash. 230, 39 P.2d 370, 97 A.L.R. 1489 (1934); *Hogan v. Kyle*, 7 Wash. 595, 35 P. 399 (1894); C. McCormick, *Damages* § 186 (1935); 11 S. Williston, *Contracts* § 1399, at 527 (3d ed. 1968). *See* Comment, *Damages: The Illogical Differences in Measuring Breach of Contract Damages When the Contract Involves Land Rather Than Goods*, 26 Okla. L. Rev. 277 (1973). Expenses incurred by the seller, however, in part performance of the original contract, cannot be recovered in addition to the damages stated. They were required to be incurred if the vendor was to have the benefit of his bargain. Thus, the broker's commission incurred by the seller in making the sale is not recoverable. *Restatement of Contracts* § 333, comment *a* (1932); C. McCormick, *Damages* § 186, at 713 (1935), citing *Levy v. 315 West 79th St. Corp.*, 222 App. Div. 9, 225 N.Y.S. 218 (1927), and *Empire Realty Corp. v. Sayre*, 107 App. Div. 415, 95 N.Y.S. 371 (1905); *accord, Stephenson v. Butts*, 187 Pa. Super. 55, 142 A.2d 319 (1958).

Although there is some case and textwriter support for the view that the measure of damages is the difference between the land contract price and the resale price following the breach rather than the damage rule above described, case law generally recognizes that, in applying the damage rule first described, if the resale is one made on as favorable terms as the first sale and at the highest price

obtainable for the property within a reasonable time after breach, the resale price is evidence of the fair cash market value of the property at the date of the breach. C. Mc-Cormick, *Damages* § 186, at 711 (1935); 92 C.J.S. *Vendor & Purchaser* § 537(c)(3) (1955). Considering the use to which the price received on resale is put, the commission of the broker who procured the resale cannot be recovered. *Hayden v. Pinchot,* 172 App. Div. 102, 158 N.Y.S. 215 (1916); *accord, Howells v. Albert,* 37 Misc. 2d 856, 236 N.Y.S.2d 654 (1962). *Contra, Stephenson v. Butts, supra.* We conclude the applicable measure of damages is reasonably capable of ascertainment and application.

Nor can we say the proof problems here are such as to make the ascertainment of damages "very difficult of accurate estimation." *Restatement of Contracts* § 339(1)(b) (1932). The proof problems in the instant case are far less complex, for example, than are the proof problems in a case involving breach of a covenant not to compete. *Management, Inc. v. Schassberger, supra; Central Credit Collection Control Corp. v. Grayson, supra.*

The damages here alleged, and apparently treated below as at least prima facie established, consist of (1) real estate commission of $1,215 on the repudiated sale; (2) termite inspection fee $36.75; (3) credit report $17.19; (4) title report cancellation fee $45; (5) loan processing fee $202.50; (6) additional expenses incurred by plaintiff in moving out of the premises agreed to be sold $375; and (7) a loss of $1,250 incurred when the house was resold for $19,000 rather than the reduced and agreed purchase price of $20,250. Whether items 1, 2, 3, 5 and 6 are recoverable expenses incurred in part performance of the original earnest money agreement, they furnish no proof problems. Item 4, in the absence of any further explanation, appears to have been caused by the breach. Item 6, consisting of damages caused by plaintiff's removal from the premises, is not itemized to show whether it includes damages for early removal requested by defendants in excess of the removal costs plaintiff would have incurred had she moved out

when her agreement required her to do so. In any event, the resale price which resulted in the $1,250 loss on resale, by inference at least, is evidence of the fair cash market value of the property at the date of breach. We do not consider as "very difficult" the proof problems concerning the fair cash market value of the resold land at the date of breach.

The criteria of validity of a conventional liquidated damage clause is also used when, as in the instant case, the clause requires a party to put up a deposit to be forfeited by way of liquidated damages in the event of breach. *Underwood v. Sterner*, 63 Wn.2d 360, 387 P.2d 366 (1963); *Restatement of Contracts* § 340 (1932); C. McCormick, *Damages* § 153 (1935). Liquidated damage clauses, however, are to be distinguished from other clauses which limit the contractor's risk. The validity of the latter clauses is not determined by the criteria of validity applicable to liquidated damage clauses. *See* 5 A. Corbin, *Contracts* § 1068 (1964).

The appeal record here, based as it is on a partial statement of facts, may raise a question whether damages alleged were treated below as prima facie established. Defendants' motion for summary judgment is not in the appeal record, possibly, as plaintiff claims, because defendants made no formal motion for summary judgment. The court, without objection by plaintiff, treated the proceedings before it as involving such a motion, suggesting at one point that the motion was either one for judgment on the pleadings or for summary judgment. CR 12(c); CR 56. The arguments in the briefs appear to assume the damages alleged were incurred, defendants contending, however, the general damages claimed were not material facts because the liquidated damage clause governs as a matter of law. In any event, there is no undisputed showing plaintiff did not incur the damages she alleges so as to discharge the moving party's burden "of establishing the absence of any genuine issue of material fact." *Hodgins v. State*, 9 Wn. App. 486, 513 P.2d 304 (1973). If, however, the existence of the dam-

ages claimed is disputed, particularly the $1,250 item, there is a factual issue to be resolved by evidence. Plaintiff has the right to present evidence that the sum of $200 is an unreasonably low forecast of just compensation. Defendants have the right to show to the contrary. With the case in this posture, the remedy of summary judgment is unavailable. *Fleming v. Smith*, 64 Wn.2d 181, 390 P.2d 990 (1964); *Peoples Mtg. Co. v. Vista View Bldrs.*, 6 Wn. App. 744, 496 P.2d 354 (1972).

Reversed.

CALLOW, J., concurs.

WILLIAMS, J. (dissenting)—The Supreme Court, construing an identical clause in *Underwood v. Sterner*, 63 Wn.2d 360, 366, 387 P.2d 366 (1963), stated:

> the policy of the courts of this state is to uphold provisions for liquidated damages, unless it is shown that they are, in effect, a penalty.

The test of whether the amount to be forfeited in the event of a breach is liquidated damages or a penalty is to be made with reference to the party against whom the damages are assessed. In this case, if the amount to be forfeited in the event of a breach by the buyer is exorbitant, it is a penalty and unlawful; if the amount to be forfeited by the buyer is relatively small, however, it is not a penalty and it is lawful for the parties so to agree. The following rules apply:

> If a provision is held to be a genuine liquidation of damages and not for a penalty or forfeiture, it is enforceable according to its terms like any other valid contract promise or provision. It makes definite and certain the amount to be paid or retained. The injured party can get judgment for the specific amount promised, no more and no less. The function of the court and jury in estimating injury has been superseded. Evidence as to the existence and extent of injury may be admissible to aid the court in determining the character of the contract provision; but it is no longer relevant after the court has

determined that the provision is a true liquidation and does not specify a penalty.

5 A. Corbin, *Contracts* § 1061 (1964).

Public policy may forbid the enforcement of penalties against a defendant; but it does not forbid the enforcement of a limitation in his favor.

5 A. Corbin, *Contracts* § 1068, at 386 (1964).

In other words, the contracting parties may limit the amount of damages for breach of contract, but they may not legally agree to the forfeiture of an amount so unreasonably large that it is, in fact, a penalty. The amount of damages which Mrs. Mahoney was entitled to recover is therefore fixed at $200.

I would affirm.

Petition for rehearing denied June 12, 1974.

Appealed to Supreme Court June 17, 1974.